UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENDALL GHEE and YANG SHEN, *on behalf of themselves and all others similarly situated*,<br><br>         Plaintiffs,<br><br>    v.<br><br>APPLE-METRO, INC., a New York corporation; 42nd APPLE, LLC d/b/a/ APPLEBEE'S NEIGHBORHOOD GRILL & BAR, a New York corporation; and BROADWAY APPLE, LLC d/b/a/ APPLEBEE'S NEIGHBORHOOD GRILL & BAR, a New York corporation,<br><br>         Defendants. | Case No.: 17-cv-05723-JPO |

---

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

---

        OLSHAN FROME WOLOSKY LLP
        *Attorneys for Defendants*
        1325 Avenue of the Americas
        New York, New York 10019
        (212) 451-2300

4280638-3

Table of Contents

Page

INTRODUCTION AND STATEMENT OF RELEVANT FACTS ..................................................1

LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS ................................................5

LEGAL ARGUMENT..................................................................................................................7

      A      Defendants Are Entitled To Judgment On The So-Called Surcharge Claims ................................................................................................................7

            1.     The gratuity claims are not actionable under New York law .......................7

            2.     Plaintiffs Fail To Plead A Cognizable Injury Related To The Gratuity Claims .......................................................................................11

      B      The Unjust Enrichment Claim Is Fatally Flawed ...................................................12

CONCLUSION...........................................................................................................................13

Table of Authorities

Page

CASES

*Alcantara v. Bakery & Confectionery Union
& Indus. Int'l Pension Fund Pension Plan*,
   751 F.3d 71 (2d Cir. 2014)..........................................................................................................5

*Allianz Risk Transfer v. Paramount Pictures Corp.*,
   No. 08 Civ. 10420 (TPG), 2010 WL 1253957 (S.D.N.Y. Mar. 31, 2010) ...............................13

*Amusement Indus., Inc. v. Stern*,
   786 F. Supp. 2d 758 (S.D.N.Y. 2011).....................................................................................10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................................6

*Burnette v. Carothers*,
   192 F.3d 52 (2d Cir. 1999).........................................................................................................6

*Cleveland v. Caplaw Enter.*,
   448 F.3d 518 (2d Cir. 2006).......................................................................................................6

*Corsello v. Verizon New York, Inc.*,
   967 N.E.2d 1177 (N.Y. 2012)..................................................................................................13

*Derbaremdiker v. Applebee's International, Inc.*,
   No. 12-CV-01058, 2012 WL 4482057 (E.D.N.Y. Sept. 26, 2012) ...........................................9

*Dimond v. Darden Restaurants., Inc.*,
   No. 13 Civ. 5244 (KPF), 2014 WL 3377105 (S.D.N.Y. July 9, 2014) .........................2, 5, 7, 8

*EED Holdings v. Palmer Johnson Acquisition Corp.*,
   387 F. Supp. 2d 265 (S.D.N.Y. 2004).....................................................................................10

*Glascoff v. OneBeacon Midwest Ins. Co.*,
   No. 13 Civ. 1013 (DAB), 2014 WL 1876984 (S.D.N.Y. May 8, 2014)...................................7

*Hydro Inv'rs, Inc. v. Trafalgar Power Inc.*,
   227 F.3d 8 (2d Cir. 2000) ........................................................................................................10

*Karedes v. Ackerley Group, Inc.*,
   423 F.3d 107 (2d Cir. 2005)......................................................................................................6

Table of Authorities
(continued)

Page

*Lawrence v. Sharkey*,
  No. 13-CV-1743 SJF AKT, 2015 WL 2213274 (E.D.N.Y. May 8, 2015) .................................6

*Muniz v. Goord*,
  No. 04-CV-0479, 2007 WL 2027912 (N.D.N.Y. July 11, 2007) ............................................7

*Royal Ins. Co. of Am. v. Sportswear Grp. LLC*,
  85 F. Supp. 2d 275 (S.D.N.Y. 2000) .......................................................................................7

*Samiento v. World Yacht, Inc.*,
  883 N.E.2d 990 (N.Y. 2008) ............................................................................................2, 12

*Samiento v. World Yacht, Inc.*,
  No. 117224/05, 2006 WL 5111026 (Sup. Ct. N.Y. Cty. Aug. 18, 2006) ................................11

*Silvercreek Mgmt. Inc. v. Citigroup, Inc.*,
  No. 02-CV-8881, 2017 WL 1207836 (S.D.N.Y. Mar. 31, 2017) ............................................10

*Small v. Lorillard Tobacco Co.*,
  720 N.E.2d 892 (N.Y. 1999) ................................................................................................12

STATUTES

General Business Law § 349 ............................................................................................. *passim*

General Business Law § 350 ............................................................................................4, 7, 9

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6) .........................................................................................................5, 6

Fed. R. Civ. P. 12(c) ........................................................................................................1, 5, 6, 11

Defendants Apple-Metro, Inc., 42nd Apple, LLC and Broadway Apple, LLC (collectively "Defendants"), by and through the undersigned attorneys, hereby move, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings dismissing the Complaint filed in this action by Kendall Ghee and Yang Shen (collectively "Plaintiffs") in its entirety.

## INTRODUCTION AND STATEMENT OF RELEVANT FACTS

While Times Square may be known as the crossroads of the world, international visitors who patronize restaurants in the Times Square area are not necessarily accustomed to the American practice of paying a tip/gratuity as a supplement to their dining check.  Their failure to tip wreaks havoc on restaurant staff who depend on gratuities as a substantial part of their paycheck.  As a result, a number of Times Square restaurants who cater to tourists seek to find ways to assist their workers in receiving their well-earned gratuities.   Applebee's is no different in trying to protect its workers.  Here, the practice of adding a gratuity when patrons choose to order and pay through an optional on-table electronic device is challenged by Plaintiffs.

The instant action involves one New York resident and one New Jersey resident who, unlike their foreign tourist counterparts, concede the custom to pay a gratuity in addition to their dining check.  Plaintiffs seek to pursue a putative class action on behalf of themselves and purportedly other United States residents (not foreigners), challenging the practice at two Manhattan Times Square Applebee's restaurants in which an automatic gratuity was added when a patron ordered and payed through an on-table computer device.  Plaintiffs admit that they knowingly paid such amounts as a tip to their Applebee's wait staff.  Inconsistently, Plaintiffs claim that such assessments were "hidden" and "mandatory" surcharges even though they both intended the payments to constitute a gratuity and neither made any attempt to have the gratuities removed, or to pay outside of using the computer device.

This lawsuit should be dismissed because the gratuities at issue were clearly disclosed, were optional, were intentionally paid, and their assessment is otherwise not actionable under Southern District precedent, notably *Dimond v. Darden Restaurants., Inc.*,[1] and *Samiento v. World Yacht, Inc.*[2]

A review of the Complaint[3] demonstrates that Plaintiffs' own allegations, as well as Plaintiffs' exhibits, are hopelessly contradictory.  Plaintiffs allege that in October 2016, November 2016, and February 2017, they ordered food and beverages from two different Times Square Applebee's locations.  Plaintiffs admit that paying an additional gratuity on top of a food order is a common practice to which Americans are accustomed.  (Cmpl. ¶¶ 2-3).  Plaintiffs also admit that the Applebee's menus on the table included a disclaimer that the prices "**do[] not include** beverages, dessert, taxes or **gratuity**" (emphasis supplied).  (Cmpl., Ex. D, pg. 74)[4]. Thus, prior to ordering, Plaintiffs were well aware that paying a gratuity is an expected practice and was not included in the menu prices.

The facts surrounding Plaintiffs ordering are consistent with these principles.  In the first instance, Plaintiff Ghee alleges that on October 19, 2016, he ordered food and a beverage at the Applebee's location on 42nd Street, which is operated by 42 Apple, LLC.  (Cmpl. ¶¶ 23, 27). Rather than ordering from a waiter or waitress, Ghee chose to order using an iPad-looking table top computer device, known as a TED.  (Cmpl. ¶¶ 23-25; Ex. E-G). Ghee claims that when he completed his meal, he sought to pay using his credit card through the TED.  The device displayed a screen disclosing an automatic gratuity of 18% (approximately $3.13).  Ghee admits that he was satisfied with the service and that he did not seek to change the default amount of

---

[1] No. 13 Civ. 5244 (KPF), 2014 WL 3377105 (S.D.N.Y. July 9, 2014).
[2] 883 N.E.2d 990 (N.Y. 2008).
[3] The Complaint (Dkt. #1) is attached as Exhibit A to the accompanying Declaration of Andrew B. Lustigman (dated August 31, 2017) (hereinafter "Lustigman Decl.").
[4] A color copy of one of the menu is attached as Exhibit B to the Lustigman Decl.

18% gratuity, and left a $3.13 tip. (Cmpl. ¶ 23; Ex. E). Thus, Ghee admits that he understood the concept of a gratuity, that a tip was in addition to the menu prices, that it would be assessed when he paid through the TED, and that he had no objection in paying it.

Ghee made a second visit to the same Applebee's location just a few weeks later (November 8, 2016), and again ordered through the TED. (Cmpl. ¶ 24). After dining, he once again checked out through the TED rather than through a waiter or waitress. Unlike his October 19th visit, Ghee claims that this time he was displeased with the service. Although Ghee admits that he again saw the gratuity at the check out screen, and obviously knew about the TED gratuity practice based on his prior experience, he inexplicably alleges that he did not know that he would be assessed the gratuity, and that he would not have ordered had he known about the practice. (Cmpl. ¶ 24). Ghee claims that when he went to check out through the device on this occasion, he wanted to leave a smaller tip than the $2.27 offered on the TED, but was unable to do so on the device. (Cmpl. ¶ 24). Ghee does not allege that he asked the server (or anyone else) who waited on him to pay a lesser amount or to pay outside the TED, although those options always existed. Nor does he claim that circumstances prevented him from making this request. Ghee further alleges that he paid the amount believing it was a tip. (Cmpl. ¶ 134) ("Plaintiff … paid the amount of the surcharge believing it was a tip). Moreover, Ghee's receipts (Cmpl., Ex. F) shows that the amount listed as a tip, and not a so-called "hidden surcharge".

Plaintiff Shen alleges that he ordered food using a TED at the Applebee's on 50th Street. (Cmpl. ¶ 25). The 50th Street location is operated by Defendant Broadway Apple, LLC. (Cmpl. ¶ 28). Shen alleges that rather than ordering through wait staff, he ordered his food through the TED device. (Cmpl. ¶ 25). Shen alleges that he paid for his meal through the device. As part of the check out process, the page "Select your tip" appeared with a tip percentage of 15%. (Cmpl.,

3

Ex. I).  Shen claims that he was not satisfied with the food and service, and was not willing to pay a $2.60 tip to the server.  (Cmpl. ¶ 25).  While he claims he was unwilling to pay the tip, Shen does not allege that he approached any Applebee's employee asking to pay a different amount or to pay through traditional means outside of the TED.  Nor does he claim that circumstances somehow prevented him from making the request.  Rather, Shen alleges that he paid through the device.  (Cmpl. ¶ 25).  Exhibit G to the Complaint is Plaintiff Shen's receipt which also identifies a $2.60 tip, and further sets forth "Gratuity Examples" of 18% and 20% tips demonstrating the variable nature of gratuities.  Inconsistently, Shen alleges that he intentionally paid the monies as a tip. (Cmpl. ¶ 134).

Plaintiffs also recognize that gratuities belong to the waiter or waitress, not the business establishment.  (Cmpl. ¶¶ 2-3).  Plaintiffs allege that they paid the amounts believing they were tips.  (Cmpl. ¶ 134).  Despite these admissions, the Complaint inconsistently asserts a claim that Defendants were unjustly enriched by gratuity payments to the waiters and waitresses.  (Cmpl. ¶ 135).  Plaintiffs makes no factual allegation that the waiters and waitresses were denied their rightfully earned gratuities, and indeed such was not the case.

Apparently displeased with their payment of $2.27 and $2.60 as a gratuity to their servers, on March 20, 2017, Plaintiffs filed a putative class action against the two restaurants and a related company Apple Metro, Inc. in the United States District Court for the Eastern District of New York.  The Complaint challenges the gratuity practices involving the TED described above, alleging claims for false advertising under GBL §§ 349-350, breach of contract, negligent misrepresentation, and unjust enrichment, as well as seeking declaratory relief.  The Complaint does not seek relief for patrons who paid their checks outside of the TED, or for non-US residents.

4

On July 27, 2017, an Initial Conference was held in the Eastern District of New York before United States Magistrate Judge Lois Bloom.[5] At the conference, Magistrate Judge Bloom notably compared the instant dispute to the dismissal granted in *Dimond v. Darden Restaurants., Inc.*, No. 13 Civ. 5244 (KPF), 2014 WL 3377105 (S.D.N.Y. July 9, 2014):

> [In the *Dimond* case], there was a certain amount of gratuity that was required, and they said that it was a violation under regulations from the City of New York. But it was also […] brought under the same exact GBL provision of state law [NY GBL § 349]. And in that case Judge Failla's opinion says that it wasn't a violation and that it was clear on the menu that this was what the charge was. So I have to say under Rule 11, you have to have a good faith basis of why this is substantially different than the decision that was already decided by Judge Failla. I don't believe that case was appealed. It may not have been your case, Mr. Lee, but it's still on the books [as] good law. And it was a decision that was making the very parallel claim.

Lustigman Decl., Exhibit C at 4.[6]

Plaintiffs' allegations, along with the exhibits to the Complaint, reflect accuracy and forthrightness, not deception, and they are certainly not the types of "deceptive acts" that New York's General Business Law was enacted to prevent and punish. Plaintiffs' other claims fare no better. Accordingly, the Court should determine those issues as a matter of law and dismiss the Complaint in its entirety.

## **LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Motions for judgment on the pleadings pursuant to Rule 12(c) are assessed under the same legal standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Alcantara v. Bakery & Confectionery Union & Indus. Int'l Pension Fund Pension Plan*, 751 F.3d 71, 75 (2d Cir. 2014);

---

[5] A transcript of the conference is submitted as Exhibit C to Lustigman Decl. The court transferred the action to the Southern District as venue was improperly laid in the Eastern District given that the conduct at issue occurred in Times Square, Manhattan.

[6] Claims against Applebee's were voluntarily dismissed in the *Dimond* action.

*see also Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006) ("The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim") (citing *Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 113 (2d Cir. 2005)).

This standard requires that the plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." *Lawrence v. Sharkey*, No. 13-CV-1743 SJF AKT, 2015 WL 2213274, at *2 (E.D.N.Y. May 8, 2015) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). While a court must "[accept] the allegations contained in the complaint as true and [draw] all reasonable inferences in favor of the nonmoving party" (*Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)), the plausibility standard is not synonymous with a "probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547).

Instead, the plausibility standard requires a plaintiff, in order to survive a motion against the complaint, to demonstrate "more than a sheer possibility that a defendant has acted unlawfully" rather than relying on mere probability. *Iqbal*, 556 U.S. at 678. A pleading that offers mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 545). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). In order for a plaintiff to state a claim that is plausible on its face, that plaintiff is required to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. As such, the factual allegations pleaded "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

As for what materials should be considered by a court on a Rule 12(c) motion, a court may consider: 1) the Complaint, 2) the Answer, 3) any written documents attached to them, 4)

6

4280638-3

any document relied on and/or referenced in the pleadings, and 5) any matter of which the court can take judicial notice for the factual background of the case. *Glascoff v. OneBeacon Midwest Ins. Co.*, No. 13 Civ. 1013 (DAB), 2014 WL 1876984, at *4 (S.D.N.Y. May 8, 2014); *see also Royal Ins. Co. of Am. v. Sportswear Grp. LLC*, 85 F. Supp. 2d 275, 278 (S.D.N.Y. 2000) (explaining that in a declaratory judgment action by the insurer, the insurance policy, which was an exhibit to the complaint is properly considered on a Rule 12(c) motion); *Muniz v. Goord*, No. 04-CV-0479, 2007 WL 2027912, at *2 n.18 (N.D.N.Y. July 11, 2007) (explaining that "any documents relied on and/or referenced in the complaint" may also be considered on a Rule 12(c) motion, "even if those documents are not attached to the complaint"). Under this standard, the Court should also consider the transcript of the hearing held by Magistrate Judge Bloom in the Eastern District of New York.

## LEGAL ARGUMENT

**A       Defendants Are Entitled To Judgment On The So-Called Surcharge Claims**

    **1.       The gratuity claims are not actionable under New York law**

Plaintiffs' so-called "hidden mandatory surcharge" claims – asserted under GBL § 349 and § 350 and as claims for breach of contract, declaratory relief, and negligent misrepresentation – should be dismissed. As set forth above, Plaintiffs' own Complaint and its exhibits show all tips were clearly disclosed as such and that Plaintiffs understood that tips are discretionary in nature. To claim otherwise is simply implausible and should be rejected by the Court.

The most significant controlling precedent for this case, as aptly recognized by Magistrate Judge Bloom, is *Dimond v. Darden Restaurants., Inc*., No. 13 Civ. 5244 (KPF), 2014 WL 3377105 (S.D.N.Y. July 9, 2014). This decision was the basis for Magistrate Judge Bloom's

statement on the record that the complaint may not pass muster under Rule 11 of the Federal Rules of Civil Procedure.

In *Dimond,* a putative class action was filed against several Manhattan restaurants, including Applebee's, based on those restaurants' policy of automatically adding gratuity to all guest checks. As in the *Ghee* Complaint, Dimond alleged violations of GBL § 349. However, the Court ruled that Dimond failed to state a claim under GBL § 349 because, although the gratuities were added to the checks, they were disclosed to the customers. Thus, the claims in this case are actually weaker than the dismissed claims in *Dimond* because in *Dimond,* the added gratuities were <u>mandatory</u>.

In this case, the charges were not mandatory. As alleged in the Complaint, the gratuities were present only on the TED "iPad-like tabletop" tablets that some customers voluntarily chose to use as a convenience. (Cmpl. ¶¶ 23, 25). The Complaint does not dispute that any customer who did not want to pay the gratuity also had a traditional waiter or waitress assigned to them, and only had to ask to have a traditional check brought to them or for assistance in removing the gratuity from the bill. While asking a waiter or waitress for assistance may be inconvenient or embarrassing to a customer who wishes to pay a lesser tip or no tip at all, *Dimond* makes clear that inconvenience or embarrassment does not rise to the level of cognizable claim:

> That social norms may make a person feel uncomfortable in such a situation does not result in a GBL § 349 violation. Moreover, in New York City gratuities of between 18% and 20% are not uncommon practice, thereby undercutting Plaintiff's argument that patrons were deceptively tricked into paying a gratuity that they would not otherwise have paid.

2014 WL 3377105 at *8.

Plaintiffs concede that paying a gratuity on top of a bill for food and beverage is well-accepted custom. (Cmpl. ¶ 2) ("In addition to paying the purchase price for goods, American consumers are accustomed to tipping restaurant staff for good service by voluntarily paying them

8

a percentage of their total bill as a gratuity or 'tip', with 99% of American consumers reporting that they typically give tips when dining at full service restaurants."). Moreover, the gratuities at issue were also disclosed, not hidden. (Cmpl., Ex. D, pg. 74) (prices "**do[] not include** beverages, dessert, taxes or **gratuity**" (emphasis supplied)). The basic knowledge that gratuities are in addition to prices to be charged and the menu disclosure contradicts the allegation in paragraph 4 of the Complaint that the so-called "surcharge is hidden from consumers until after they have already eaten and are paying their bill at tabletop point-of-sale terminals."[7]

Under New York law, an accurate disclosure undermines any § 349/350 claim. Plaintiffs' claims fail because they cannot demonstrate that Defendants engaged in conduct that misled any reasonable consumer. Plaintiffs concede that consumers know of the custom to tip. Defendants disclosed that gratuities were additional on the menu and the amount of the gratuity was conspicuously disclosed on the checks at issue.

The *Dimond* decision is consistent with other relevant authority. In *Derbaremdiker v. Applebee's International, Inc.,* No. 12-CV-01058, 2012 WL 4482057 (E.D.N.Y. Sept. 26, 2012), for example, the plaintiff alleged that the disclosed terms and conditions of a sweepstakes were false and misleading. *Id*. at *5. The court examined the statements at issue, and determined that "the statements on the receipt were consistent with the terms and conditions of the Sweepstakes" and "plaintiff received exactly what was represented to him." *Id.* The court thus held that plaintiff had failed to sufficiently plead materially misleading conduct as required by § 349, and dismissed the claim. *Id*. at *4-5 (explaining that "New York courts have dismissed claims for having failed to satisfy [the materially misleading] element where a defendant fully disclosed the terms and conditions of an alleged deceptive transaction that caused harm to the plaintiff")

---

[7] Ghee's claim that on his second visit he did not know that he would be charged a gratuity through the TED is entirely implausible as he recognized the charge the first time he ate at the establishment, and did not object to paying it. *Compare* Cmpl. ¶23 *with* ¶24.

(collecting cases). Like the claimant in *Derbaremdiker*, Plaintiffs allege that an accurate disclosure is somehow materially misleading, but in light of the disclosures they unquestionably received, such allegations fail as a matter of law.

Similarly, Plaintiffs cannot plausibly plead that Defendants negligently misrepresented food and drink pricing.[8] Plaintiffs concede that a reasonable person knows of the custom to provide a tip on a restaurant check. Furthermore, Plaintiffs are unable to plead that Defendants made a false representation or negligently provided incorrect information. As demonstrated above, the Complaint and exhibits establish that the menu stated that gratuity was not included and that tips were disclosed on the TED and the receipt.

Plaintiffs' breach of contract claim also fails. Plaintiffs allege that in ordering items from Defendants' menu, they assented "to pay the price listed on the menu, but no more." (Cmpl. ¶ 111). Plaintiffs further allege that Defendants "breached the contract by charging Plaintiff[sic] and the Classes a flat surcharge in excess of the listed prices." (Cmpl. ¶ 112). Assuming arguendo that a contract in fact exists, Defendants did not breach the contract by including gratuity in the final bill. First, the menu clearly disclosed that pricing did not include gratuity. (Cmpl. Ex. D., pg. 74). Second, Plaintiffs concede that payment of gratuity is a well-accepted custom and thus they likely expected that the menu pricing did not include gratuity. Third, the gratuity was discretionary and Plaintiffs had the option of asking a waiter or waitress for assistance in removing the gratuity from the bill. Accordingly, Plaintiffs cannot plausibly plead

---

[8] To state a claim for negligent misrepresentation a plaintiff must plead: "(1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." *Hydro Inv'rs, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000); *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 280 (S.D.N.Y. 2004); *see also Silvercreek Mgmt. Inc. v. Citigroup, Inc.*, No. 02-CV-8881, 2017 WL 1207836 (S.D.N.Y. Mar. 31, 2017). In addition, a plaintiff must demonstrate that the alleged negligent misrepresentation caused his injuries. *Amusement Indus., Inc. v. Stern*, 786 F. Supp. 2d 758, 778 (S.D.N.Y. 2011).

that Defendants breached the alleged contract by advertising food and beverage prices exclusive of gratuity, when the menu clearly denoted that said pricing did not include gratuity.

Having established that the gratuities are customary, were disclosed and not hidden, and that the inconvenience of speaking to a server is not actionable, the General Business Law, breach of contract and negligent misrepresentation claims in the Complaint are all appropriate for dismissal pursuant to Rule 12(c).

### 2. Plaintiffs Fail To Plead A Cognizable Injury Related To The Gratuity Claims

Plaintiffs also fail to adequately plead a cognizable injury in connection with the supposedly misrepresented gratuities. Gratuities based on a percentage of the cost of a meal are customary and ubiquitous, and any consumer who declines to pay a gratuity is not required to do so. Nowhere in the Complaint do Plaintiffs legitimately explain what they perceive their damages to be, i.e., they seek reimbursement of the gratuities (which were distributed to their servers), but Plaintiffs do not state what gratuity they – or other purported class members – would have paid in place of the disclosed gratuity. To the extent that Plaintiffs argue that certain patrons would otherwise have paid a lower gratuity and therefore suffered damages, a New York court has already explicitly rejected such a theory. In *Samiento v. World Yacht, Inc.,* No. 117224/05, 2006 WL 5111026 (Sup. Ct. N.Y. Cty. Aug. 18, 2006), the court considered whether an automatic gratuity caused a cognizable injury to guests for purposes of asserting a § 349 claim. The court found that it did not:

> [T]he plaintiffs do not claim that the defendants' alleged deceptive conduct has been detrimental to World Yacht customers. Indeed, the charge for service or gratuities which was added to the patrons' bill was paid by them in lieu of a voluntary gratuity which they otherwise would have paid to the wait staff. The mere possibility that some patrons may have paid the staff less as a voluntary gratuity than they paid to defendants involuntarily is entirely speculative and cannot, by itself, support the assertion of a GBL § 349 claim.

Id.

As further clarified by the Court of Appeals in this same matter, a viable cause of action under § 349 requires a demonstration of customer harm. *Samiento v. World Yacht, Inc.*, 883 N.E.2d 990, 996 (N.Y. 2008) ("In order to assert a prima facie cause of action under General Business Law § 349, a plaintiff must be able to establish that a defendant intended to deceive its customers to the customers' detriment and was successful in doing so. '[P]roof that a material deceptive act or practice caused actual, although not necessarily pecuniary, harm is required to impose compensatory damages.'") (citation omitted). In *Samiento*, the Court of Appeals found the customers were not harmed by agreeing to pay a service charge and later paying the service charge. *Id.* "Since plaintiffs here cannot show how [customers] suffered a detriment by agreeing to pay the service charges, the automatic gratuities, or the added gratuities, plaintiffs failed to establish a prima facie claim under General Business Law 349." *Id.*

The rationale set forth by the Court of Appeals in *Samiento* applies here. Plaintiffs specifically allege that they intended the monies to be paid as a gratuity. (Cmpl. ¶ 134) ("Plaintiff . . . paid the amount of the surcharge believing it was a tip).

Finally, to the extent that Plaintiffs argue they would not have dined at the restaurants had they known of the purported deceptive practice, this theory of damages has similarly been rejected by the New York Court of Appeals. *See Small v. Lorillard Tobacco Co*., 720 N.E.2d 892, 898 (N.Y. 1999) (rejecting the theory that "consumers who buy a product that they would not have purchased, absent a [business's] deceptive commercial practices, have suffered an injury under General Business Law § 349").

**B     The Unjust Enrichment Claim Is Fatally Flawed**

Plaintiffs unjust enrichment claim must also be dismissed. There are three requirements for an unjust enrichment claim: (1) that the defendant was enriched; (2) at the plaintiff's expense; and (3) that it is against equity and good conscience to allow the defendant to retain the benefit.

12

*Allianz Risk Transfer v. Paramount Pictures Corp.*, No. 08 Civ. 10420 (TPG), 2010 WL 1253957 (S.D.N.Y. Mar. 31, 2010).

Here, the basic elements of unjust enrichment are lacking. Plaintiffs admit that tips belong to the wait staff. (*See, e.g.*, Cmpl. ¶¶ 2 & 23) ("American consumers are accustomed to tipping restaurant staff" and Plaintiff Ghee "was satisfied with the food and service and was willing to pay an 18% tip"). There is no allegation that the restaurant retained the tips, and there would be no basis to such an allegation.

As recognized by the New York Court of Appeals, "unjust enrichment is not a catchall cause of action to be used when others fail. It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon New York, Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). Here, there is no basis pled for an unjust enrichment claim.

## CONCLUSION

For all the foregoing reasons, the Complaint should be dismissed and the Court should grant judgment on the pleadings to Defendants, as well as such additional relief as seems just to the Court.

Dated: New York, New York
August 31, 2017

        OLSHAN FROME & WOLOSKY LLP

By:   */s/ Andrew B. Lustigman*
       Andrew B. Lustigman
       Scott Shaffer
       *Attorneys for Defendants*
       *Apple-Metro, Inc., 42nd Apple, LLC and*
       *Broadway Apple, LLC*
       1325 Avenue of the Americas
       New York, New York 10019
       (212) 451-2300